KASSEL v. COOPER.

(Supreme Court, Special Term, Erie County. November, 1914.)

1. VENDOR AND PURCHASER (§ 129*)—TITLE OF VENDOR—DEFECTS IN PRIOR CONVEYANCE—DESCRIPTION.
   · Where a deed in a vendor's chain of title described one course as beginning at the southeast corner of the premises, running thence northerly parallel with a named street to another street, whereas such course would run westerly, the word "northerly" is a palpable error, and does not render the title defective.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

2. VENDOR AND PURCHASER (§ 129*)—TITLE OF VENDOR—DEFECTS IN PRIOR CONVEYANCE—DESCRIPTION.
   Where a deed in a vendor's chain of title described a course as beginning on the north line of a main street and running "thence westerly —— with the northerly line" of the street, the description is complete, without any word being supplied to fill the blank, and does not constitute a defect in the vendor's title.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

Action for specific performance by Caroline Kassel against Abraham Cooper. On submission of controversy on stipulated facts. Judgment awarded to plaintiff.

Charles Newton, of Buffalo, for plaintiff.
Goldring & Sherman, of Buffalo, for defendant.

BROWN, J. Defendant asks to be relieved from performing his contract to purchase a parcel of real estate lying on the east side of Spring street and on the southerly side of Eagle street in Buffalo, alleging two defects in the title tendered by plaintiff.

[1] The first defect consists of an alleged error in the description of a part of the premises in question, contained in a deed recorded in Erie county clerk's office March 28, 1854, in Liber 151 of Deeds, at page 384, wherein the third course or southern boundary of the premises, starting at the southeast corner reads: "Thence northerly and parallel with Eagle street 84⅔ feet to Spring street." This described course is obviously an error, a clear mistake in the use of the word "northerly." To get from the southeast corner of the lands described to Spring street on a course parallel with Eagle street, the direction, must be westerly. The course parallel to Eagle street, to Spring street, must control, and the word "northerly" held to be surplusage and a palpable error. It must be held to be immaterial, and not affecting the title.

[2] The second defect consists of an alleged error in the description of a larger parcel of real estate, which includes the premises in question, contained in a deed executed by Samuel B. Hard to Edward H. Clark, wherein the third course or southerly boundary of the premises, starting at the southeast corner on the north line of North Division street, reads: "Thence westerly —— with the northerly line of North Division street 29 feet 9 inches." It is claimed by the defend-

·ant that the quoted description of the course is defective, because the blank space after the word "westerly" was not filled out. It is not stated by defendant in his answer what word ·or words ought to have been inserted in this blank space. It·is not seen how the defendant could have given the word or words that ought to have been inserted in the blank space. It is not believed that any word or words were intentionally, or otherwise omitted from this blank space. With words or figures omitted from the blank space, the description of the course is complete, definite, and certain. The blank space is of no importance. Omitting it entirely, treating it as it is, a mere space between the words "westerly" and "with," the course is westerly with the northerly line of North Division street 29 feet 9 inches. The fact is that the course is on the .westerly line of North Division street. If word "with" is interpreted as "on," the description is perfect. To go west with the westerly line of North Division street from a point on the northerly line is to go.west on the line. North Division street runs east and west. There can be no mistake in identifying the premises by following the course with the westerly line of North Division street. If the surveyor starts on the line of North Division, and goes west with the line, it is not seen how he possibly could get off the line; if he starts on the line, and goes west with the line, he must necessarily at all times be technically on the line.

The title tendered is not defective by reason of either of the alleged errors or defects pointed out. Brookman v. Kurzman, 94 N. Y. 272.

Judgment of specific performance is awarded plaintiff. Let findings be prepared.